David C. Wright (SBN 177468)
dcw@mccunewright.com
Mark I. Richards (SBN 321252)
mir@mccunewright.com
Jordan I. Wispell (SBN 333635)
jiw@mccunewright.com
**MCCUNE LAW GROUP**
31 W Stuart Ave Ste 300
Redlands, CA 92374
Tel: (909) 557-1250
Fax: (909) 557-1275

Leon Ozeran (SBN 296071)
leon@ozeranlaw.com
**THE LAW OFFICES OF LEON OZERAN**
5404 Whitsett Ave., Suite 212
Valley Village, CA 91607
Tel: (310) 461-3730

*Attorneys for Plaintiffs and the Putative Class*

Christopher M. Young (SBN 163319)
christopher.young@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: 858.677.1400
Facsimile: 858.677.1401

Matthew A. Goldberg
(*pro hac vice* forthcoming)
matthew.goldberg@us.dlapiper.com
Timothy P. Pfenninger
(*pro hac vice* forthcoming)
timothy.pfenninger@us.dlapiper.com
Nathan P. Heller
(*pro hac vice* forthcoming)
nathan.heller@us.dlapiper.com
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: 215.656.3300
Facsimile: 215.656.3301

*Attorneys for Defendant Porsche Cars North America, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

SAMAN KOHANOF, et al., individually, and on behalf of a class of similarly situated individuals,

Plaintiffs,

v.

PORSCHE CARS NORTH AMERICA, INC.,

Defendant.

Case No. 2:24-cv-03414 DMG (AJRx)

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

## 1. GENERAL

1.1 Purposes and Limitations. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate and

petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 Good Cause Statement. This action concerns allegations that PCNA sold certain model-year Porsche Cayenne and Macan vehicles equipped with an allegedly defective transfer case that can cause one or more of the following in addition to other alleged symptoms: abnormal noises, erratic or difficult shifting, unintended engagement or disengagement of all-wheel drive, fluid leaks, and sudden changes in vehicle movement, including jerking, lurching, acceleration, or deceleration while driving. Plaintiffs claim the alleged defect presents an unreasonable safety risk, increases the likelihood of collisions, and can result in costly repairs, including full transfer-case replacement. Plaintiffs further contend that Porsche had prior knowledge of the alleged defect, concealed that information from consumers, and made misleading representations regarding vehicle safety, durability, and reliability, including through a warranty extension that allegedly failed to adequately remedy the problem. Plaintiffs allege they would not have purchased or would have paid less for the vehicles had PCNA disclosed the alleged defect or had PCNA not made alleged misrepresentations regarding the vehicles. PCNA denies all Plaintiffs' allegations. For discovery purposes, this action is likely to involve sensitive, non-public information, trade secrets, customer and pricing lists and other valuable research, design, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other

than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, warranty data, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 Action: the above captioned matter, *Saman Kohanof, et al. v. Porsche Cars North America, Inc.,* Case No. 2:24-cv-03414 DMG (AJRx) pending in the Central District of California.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 Closed Generative AI Tool: a Generative AI Tool deployment, instance, or tenant in which (i) access is restricted to identified users authenticated through, and authorized by, a Party's Outside Counsel of Record or a Professional Vendor under contract with such counsel, and (ii) inputs submitted to the tool and outputs generated by it are logically segregated to that deployment, instance, or tenant and are not

accessible to unauthorized users of, or other customers of, the underlying tool provider. That the underlying Generative AI Tool or service is commercially available to other customers under separate deployments, instances, or tenants does not, by itself, prevent a deployment, instance, or tenant from qualifying as a Closed Generative AI Tool. Examples of Generative AI Tools that, when properly configured and deployed for use by a particular law firm or its vendors, may qualify as Closed Generative AI Tools include Thomson Reuters CoCounsel and Westlaw AI-Assisted Research, LexisNexis Lexis+ AI and Protégé, Harvey, Supio, Adobe Acrobat AI Assistant, the artificial intelligence features of eDiscovery, litigation support, and document review platforms, including Everlaw, DISCO, Relativity, Reveal, Nuix, Logikcull, Consilio, Lighthouse, and Epiq, and enterprise or business-tier deployments of ChatGPT, Claude, Gemini, and Microsoft Copilot, in each case subject to the access, segregation, and configuration requirements of this Order.

2.4 “CONFIDENTIAL” Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as “CONFIDENTIAL.”

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 Generative AI Tool: any artificial intelligence system, platform, service, model, application, or feature, whether accessed locally, on-premises, or via the internet, that generates text, images, audio, video, code, or other output in response to user inputs, including without limitation large language models and multimodal foundation models, and any product or interface built on or incorporating such a system.

2.10 In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Open Generative AI Tool: any Generative AI Tool that is not a Closed Generative AI Tool, including without limitation the consumer-facing versions of ChatGPT, Claude, Gemini, and similar publicly available Generative AI products.

2.13 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.14 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.18 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. The Parties, however, shall meet and confer before trial on a procedure and process to deal with the use and/or display of Protected Material at trial and submit a joint proposal to the Court for approval. If the Parties cannot agree on such a joint proposal, the Parties shall submit separate/competing proposals for the Court's consideration prior to issuing an appropriate order.

**4. DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See* Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are

part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (<u>see, e.g.</u>, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend

"CONFIDENTIAL – Kohanof et al. v. PCNA, Case No. 2:24-cv-03414-DMG-AJR (C.D. Cal.)" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) all deposition testimony taken in this case shall be treated as CONFIDENTIAL until the expiration of 30 days after the final transcript is delivered to the witness who was deposed or the witness' counsel. Within this time period, a Designating Party may serve a Notice of Designation to all parties of record as to specific portions (identifying page and line numbers) of the testimony that are designated Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Deposition exhibits that have already been designated "CONFIDENTIAL" do not need to be re-designated as such after they are used in a deposition, and the Parties will continue to treat them as Protected Material after the expiration of the 30-day period. A Party or its counsel may also designate deposition testimony as CONFIDENTIAL by making

the designation on the record during the deposition. Confidentiality designations made on the record must be confirmed by a Notice of Designation identifying the specific page and line numbers within the 30-day period described above.

(c) for information produced in some form other than as documentary evidence and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth by the assigned Magistrate Judge and the Local Rules to the extent not altered or suspended by the assigned Magistrate Judge.

6.3 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material are subject to this Protective Order to the same extent as the document designated "CONFIDENTIAL," and must be labeled or designated as "CONFIDENTIAL." A recipient shall not duplicate any document designated "CONFIDENTIAL" except for use as working copies (e.g., sharing with experts, etc.) and for filing in court.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party and its officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, focus group participants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto (unless disclosure to the witness is otherwise permitted without execution of Exhibit A under one of the other categories of this section); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

9.3 If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 Effect of Inadvertent Production. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection or another applicable privilege or immunity, shall not constitute a waiver of such protection and that a showing under Federal Rule of Evidence 502(b) shall not be necessary to claw back such document.

11.2 Procedure on Discovery of Inadvertent Production. Upon learning of an inadvertent production, the Producing Party must notify the Receiving Party promptly, in writing, that privileged or otherwise protected information has been inadvertently produced (the "Identified Material"). Upon receiving written notice from the Producing Party that privileged and/or work product material has been inadvertently produced, the parties must comply with Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format. The Receiving Party may make no use of the Identified Materials during any aspect of this Action or any other matter, including in depositions or at trial, unless the Identified Materials are later designated by the Producing Party or a court as not privileged or protected. Within 7 days after giving notice of the inadvertent production, the Producing Party will provide a privilege log providing information required by the Federal Rules of Civil Procedure and applicable case law with respect to the Identified Materials.

11.3 Dispute as to Protected Nature of Identified Materials. Within 14 days after receiving the privilege log with respect to the Identified Materials, the Receiving Party may contest the privilege or work product designation by the Producing Party,

and the Receiving Party shall give the Producing Party written notice of the reason for said disagreement. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the Parties cannot resolve their dispute through such meet and confer discussions, within seven (7) days after the Parties have reached an impasse after meet and confer efforts, the Parties shall brief the matter pursuant to the assigned Magistrate Judge's procedures or the Local Rules of Court to the extent not altered or suspended by the assigned Magistrate Judge. To effect a clawback, the Producing Party need only establish that the Identified Materials qualify as privileged and/or protected from disclosure; no showing under Federal Rule of Evidence 502(b) shall be required. In the event the Court rules that the challenged material is privileged or protected, the Receiving Party shall return such materials to the Producing Party within 14 days of such Order.

11.4 Effect on Derivative Materials. Any physical analyses, memoranda, or notes that were internally generated by the Receiving Party or its retained experts based upon such Identified Material shall, upon notice of the inadvertent production by the Producing Party, immediately be placed in sealed envelopes. Such materials shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (x) the Producing Party agrees in writing that the information is not privileged, or (y) the Court rules that the information is not privileged.

11.5 Bulk Clawback Demands. If a Producing Party seeks to claw back more than 100 documents within any 7-day period, the Receiving Party shall be afforded an additional 7 days beyond any deadline otherwise applicable under this Section, or such additional time as the Parties may agree, to review the Identified Material and dispute the asserted privilege or work product claims. Nothing in this paragraph shortens any period otherwise available to the Receiving Party.

11.6 Clawbacks Before a Deposition. If a Producing Party seeks to claw back a document authored or received by an individual scheduled for deposition within 30 days prior to the deposition, and the propriety of the clawback is not resolved before the deposition, the Parties shall meet and confer regarding the appropriate course of action, which may include, subject to agreement of all Parties: (1) rescheduling the deposition until the Court resolves the issue; (2) conferring before the deposition to determine whether the document may be used subject to agreed limitations; (3) contacting the Court if the clawback occurs during the deposition to seek immediate resolution; or (4) permitting the Party resisting the clawback to recall the deponent for the limited purpose of questioning the deponent on the document at issue if the Court later determines that the clawback was improper. Any such recall shall not count against the total number of depositions or deposition hours available to the Party resisting the clawback.

11.7 Cutoff for Clawback After Use.

(a) Notwithstanding any other provision of this Section, a document that is used by any Party in a deposition, court hearing, or filing or that is discussed substantively by an expert in the body of the expert's report shall not be eligible for protection under Federal Rule of Evidence 502(d) as a clawed-back document if the Producing Party does not initiate a claw back request within twenty-one (21) calendar days after such use or service of the expert report in which the document is discussed. For the avoidance of doubt, this section shall not apply to a document listed by an expert in his or her reliance materials but not discussed substantively in the expert's report.

(b) After the 21-day period described in subsection (a), Federal Rule of Evidence 502(b) shall govern any clawback dispute.

11.8 No Subject-Matter Waiver. Any inadvertent production of a document subject to attorney-client privilege or work product protection shall not operate as a waiver of such privilege or protection on a subject matter basis or with regard to any

other document, regardless of the outcome of any challenge to the privileged/protected status of the inadvertently produced document.

**12. USE OF GENERATIVE AI TOOLS**

12.1 Prohibited Use. Protected Material shall not be uploaded, entered, or otherwise submitted to any Open Generative AI Tool. Submission of Protected Material to an Open Generative AI Tool shall be deemed an unauthorized disclosure to a third party and a violation of this Order.

12.2 Permitted Use. Protected Material may be submitted to a Closed Generative AI Tool, provided that the Party submitting Protected Material to such tool first ensures that the tool's settings (a) prevent disclosure of Protected Material to any third party, including without limitation other users or developers of the tool; (b) prevent the tool from using Protected Material to train or fine-tune itself or for any other purpose beyond the authorized use of Protected Material under this Order; and (c) allow for the deletion or destruction of any Protected Material supplied to the tool or contained in responses generated by it. Submission of Protected Material to a Closed Generative AI Tool that cannot be configured to satisfy subparts (a) through (c) shall be deemed a disclosure to a third party under this Order.

**13. MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Any request to file

Protected Material under seal, and any filing following a denial of that request, shall be handled in accordance with that rule.

13.4 Treatment of VINs. Vehicles Identification Numbers ("VINs") may be designated as Confidential. If it becomes necessary to file a document containing VINs on the public record, the filing party will redact the last six digit of any VIN(s) appearing in the document.

13.5 Non-Waiver. This Protective Order shall not constitute a waiver of any Party's or Non-Party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information. Nothing in this Protective Order shall prejudice any Party or Nonparty from seeking amendments broadening or restricting the rights of access to and use of "CONFIDENTIAL" Information hereunder, or other modifications, subject to order by the Court.

13.6 No Limitation on Legal Representation. Nothing in this Order shall preclude or impede Counsel's ability to communicate with or advise their clients in connection with this Action based on Counsel's review and evaluation of Protected Material, provided that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

## 14. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material and permanently delete Protected Material from any Closed Generative AI Tool into which it was entered. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including generative AI governed by Section 12. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15. <u>VIOLATION OF ORDER</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 16, 2026

FOR PLAINTIFFS AND THE PUTATIVE CLASS

By: */s/ Mark I. Richards*

David C. Wright
Mark I. Richards
Jordan I. Wispell
MCCUNE LAW GROUP

Leon Ozeran
THE LAW OFFICES OF LEON OZERAN

*Attorneys for Plaintiffs and the Putative Class*

Dated: November 16, 2026

FOR DEFENDANT

By: */s/ Christopher M. Young*
Christopher M. Young
Matthew A. Goldberg (*pro hac vice* forthcoming)
Timothy P. Pfenninger (*pro hac vice* forthcoming)
Nathan P. Heller (*pro hac vice* forthcoming)
DLA PIPER LLP

*Attorneys for Defendant Porsche Cars North America, Inc.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: November 24, 2026

[signature]
HON. A. JOEL RICHLIN
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [**full name**], of _________________ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ____________ [**date**] in the case of *Saman Kohanof, et al. v. Porsche Cars North America, Inc.*, Case No. 2:24-cv-03414 DMG (AJRx) pending in the Central District of California. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ___________________________ [**full name**] of ________________________________________ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where signed: __________________________________

Printed name: ________________________________

Signature: ___________________________________